UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR07-20025 |
| ) | |
| JABARI A. VEALS, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE TO DEFENDANT'S SECOND MOTION *IN LIMINE***

Now comes the United States by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Assistant United States Attorney, Colin S. Bruce, and hereby responds to the defendant's Second Motion *In Limine* and states as follows:

1. In his second motion *in limine*, the defendant requests a ruling on the admissibility of certain hearsay evidence. Specifically, the defendant is requesting that the Court rule on the admissibility of the hearsay testimony of Takneesha Underwood to an alleged statement made by another individual, Joel "Magic" Shoulders,[1] concerning the ownership of the cocaine base ("crack") underlying the indictment in this case. Because this evidence is irrelevant, as well as inadmissible hearsay, this motion should be denied.

---

[1] Neither Takneesha Underwood nor Joel "Magic" Shoulders are a witness for the prosecution nor on the United States' witness list.

2. Here, the defendant is charged with *possession* of fifty or more grams of cocaine base ("crack") with the intent to distribute, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A). Ownership is not the same as possession, nor does ownership by one person preclude possession by another person. *See*, *United States v. Brannon*, 218 Fed.Appx. 533, 535 (7th Cir. 2007)(unpublished)(ownership of firearm by wife did not preclude possession by husband); *United States v. Baker*, 453 F3.d 419, 422 (7th Cir. 2006) (a person may possess an object without owning the object). Therefore, ownership of the cocaine base ("crack") by another person would not preclude the defendant's possession of the same cocaine base ("crack").

3. Furthermore, "ownership" of the cocaine base ("crack") is not an element of this offense and is not at issue. *See* 21 U.S.C. § 841(a)(1); *Seventh Circuit Pattern Jury Instruction*, 21 U.S.C. § 841(a)(1). *See also*, *United States v. Harris*, 325 F.3d 865, 868 (7th Cir. 2003)(the three elements of possession with the intent to distribute under 21 U.S.C. § 841(a)(1) are knowing possession, the intent to distribute, and knowledge that the substance is a controlled substance). Whether someone else "owned" the cocaine base ("crack") possessed by the defendant is irrelevant.

4. Also, the alleged statement the defendant seeks to introduce is inadmissible hearsay. In essence, the defendant wants to call a witness to testify as to alleged statements made by another person (who is available) about an irrelevant issue. Contrary to the defendant's assertion (and setting aside that this evidence is irrelevant), the alleged statement sought to be introduced is not admissible as a statement against

interest within the hearsay exception of Fed.R.Evid. 804(b)(3).[2] First, the alleged declarant, Joel "Magic" Shoulders, is not unavailable. In fact, as stated in the defendant's motion, he was interviewed by both law enforcement agents and an investigator for the Federal Defender. Therefore, the hearsay exception of Fed.R.Evid. 804(b)(3) for unavailable declarants is inapplicable.

    5. Additionally, Fed.R.Evid. 804(b)(3) requires that "[a] statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." Here, even assuming that the statement sought to be admitted was relevant (which it is not) and that the declarant, Shoulders, was unavailable (which is incorrect), there are no corroborating circumstances clearly indicating the trustworthiness of the statement.

---

[2] Federal Rule of Evidence 804(b) states:
> (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>> (3) Statement against interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

WHEREFORE, for all of the above reasons, the defendant's Second Motion *In Limine* should be denied.

                                Respectfully submitted,

                                RODGER A. HEATON
                                United States Attorney

BY:    s/ Colin S. Bruce
        COLIN S. BRUCE, Bar No. IL 6200946
        Assistant United States Attorney
        United States Attorney
        201 S. Vine St., Suite 226
        Urbana, IL 61802
        217/373-5875
        FAX: 217-373-5891
        colin.bruce@usdoj.gov

CERTIFICATE OF SERVICE

  I hereby certify that on September 17, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Mr. John C. Taylor
    Assistant Federal Defender
    300 W. Main Street
    Urbana, IL 61801

        s/ COLIN S. BRUCE
        COLIN S. BRUCE
        Assistant United States Attorney
        United States Attorney
        201 S. Vine St., Suite 226
        Urbana, IL 61802
        217/373-5875
        FAX: 217-373-5891
        colin.bruce@usdoj.gov