UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07-CR-20025 |
| ) | |
| JABARI A. VEALS, ) | |
| ) | |
| Defendant. ) | |

## OPINION

This case is before the court for ruling on Defendant's Motion in Limine as to Defendant's Convictions (#12). This court has carefully considered Defendant's Motion, Defendant's Bench Memo Regarding Impeachment (#13) and the Government's Response (#21). Following this careful review, Defendant's Motion in Limine as to Defendant's Convictions (#12) is GRANTED in part and DENIED in part.

BACKGROUND

On February 8, 2007, Defendant, Jabari A. Veals, was charged by indictment (#7) with the offense of possession of 50 or more grams of cocaine base ("crack") with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). On March 26, 2007, the Government filed a Notice of Prior Conviction. The Government listed nine prior convictions of Defendant and stated that the convictions qualified Defendant for enhanced sentencing pursuant to 21 U.S.C. § 841(b)(1).

ANALYSIS

On July 3, 2007, Defendant filed a Motion in Limine as to Defendant's Convictions (#12). Defendant listed four convictions which could be used for impeachment if Defendant testifies and requested an order barring reference to the convictions at trial. Defendant also filed a Bench Memo Regarding Impeachment of Defendant by Past Similar Convictions (#13). Defendant pointed out that this court should use a five-part test to determine whether the probative value of the convictions

outweighs their prejudicial effect. Defendant noted that there was a great similarity between the narcotics crime charged in this case and the narcotics offenses that may be used for impeachment. Defendant also argued that it is critical that he take the stand in his own defense and that his credibility is central to the issue of guilt. Defendant also stated that, in the alternative (if this court declined to bar the use of all of the convictions), he requested that the court allow two felony offenses to impeach Defendant and that those two convictions be referred to as "felony convictions" without mention of the charges.

On September 17, 2007, the Government filed its Response to Defendant's Motion in Limine (#21). The Government noted that there are actually six of Defendant's prior convictions which fall within the ten-year limitation period and could be used for purposes of impeaching Defendant's testimony under Rule 609 of the Federal Rules of Evidence. The Government argued that all six of these convictions are admissible because the probative value of these convictions outweighs their prejudicial effect. However, the Government stated that it was agreeable that the specific nature of Defendant's convictions does not need to be disclosed to the jury, unless Defendant testifies and claims, either directly or indirectly, a lack of knowledge of cocaine or drug-trafficking techniques.

Rule 609(a)(1) provides that evidence that the accused has been convicted of a crime punishable by more than one year of imprisonment shall be admitted for impeachment purposes if the court determines that the "probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed R. Evid. 609(a)(1). In addition, a crime more than 10 years old is generally not admissible. See Fed. R. Evid. 609(b). The Seventh Circuit has articulated a five-part test to guide the district court in determining whether the probative value of a conviction outweighs its prejudicial effect. United States v. Montgomery, 390 F.3d 1013, 1015 (7th Cir. 2004). The court should consider: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the

credibility issue." <u>Montgomery</u>, 390 F.3d at 1015.

In this case, six of Defendant's nine prior convictions are less than 10 years old and have impeachment value as to the issue of Defendant's credibility. <u>See</u> <u>Montgomery</u>, 390 F.3d at 1015-16. It is undisputed that the prior convictions are for crimes similar to the offense charged in this case. However, as noted by both Defendant and the Government, the risk of unfair prejudice can be limited by not disclosing to the jury the nature of the convictions. Also, in this case, Defendant has argued that his testimony and credibility will be critically important.

Following consideration of the relevant factors, this court agrees with the Government that, because prior felony convictions have impeachment value as to the issue of Defendant's credibility, some evidence of his prior felony convictions should be allowed if Defendant testifies. This court concludes, however, that evidence of three of Defendant's felony convictions will be adequate for impeachment purposes. If Defendant testifies, the Government will be allowed to impeach him with evidence of his two November 4, 2002, convictions and his April 6, 2005, conviction. Moreover, unless Defendant testifies and claims, either directly or indirectly, a lack of knowledge of cocaine or drug-trafficking techniques, the jury will be informed only that Defendant has been convicted of three felonies and the date of the felony convictions. This court also agrees with the Government that a limiting instruction based upon Seventh Circuit Criminal Jury Instruction No. 3.05 should be given to the jury.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion in Limine as to Defendant's Convictions (#12) is GRANTED in part and DENIED in part.

(2) If Defendant testifies at trial, the Government will be allowed to impeach his testimony with evidence of his two November 4, 2002, convictions and his April 6, 2005, conviction. The Government can present evidence that Defendant has three prior felony convictions and the date of those convictions. However, if Defendant testifies and claims, either directly or indirectly, a lack

of knowledge of cocaine or drug-trafficking techniques, the jury will be informed of the name of the three felony offenses that Defendant was convicted of. In addition, if Defendant testifies and impeachment evidence regarding his prior convictions is presented to the jury, this court will give the jury the Government's proposed Jury Instruction No. 11, which is based upon Seventh Circuit Criminal Jury Instruction No. 3.05.

(3) This case remains scheduled for an evidentiary hearing as to the issue of Defendant's alleged material breach of conditional direct use immunity agreement on September 24, 2007, at 11:00 a.m., and a jury trial on October 1, 2007, at 9:00 a.m.

ENTERED this 19th day of September, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE