USA v. JABARI A. VEALS, 07-20025

E-FILED
Friday, 30 May, 2008  01:11:49 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

                                        Docket No. 07-20025

                    Plaintiff,

      vs.                               Urbana, Illinois
                                        May 15, 2008
                                        2:43 p.m.
JABARI A. VEALS,

                    Defendant.


                    SENTENCING HEARING

        BEFORE THE HONORABLE MICHAEL P. McCUSKEY
           CHIEF UNITED STATES DISTRICT JUDGE


A P P E A R A N C E S :

For the Plaintiff:        COLIN S. BRUCE, ESQUIRE
                          Assistant United States Attorney
                          201 South Vine Street
                          Urbana, Illinois 61802
                          (217) 373-5875


 For the Defendant:       J. STEVEN BECKETT, ESQUIRE
                          CAROL A. DISON, ESQUIRE
                          Beckett & Webber, P.C.
                          508 South Broadway Avenue
                          Urbana, Illinois  61801
                          (217) 328-0263




Court Reporter:           LISA KNIGHT COSIMINI, RMR-CRR
                          U.S. District Court
                          201 South Vine, Suite 344
                          Urbana, Illinois 61802

Proceedings recorded by mechanical stenography; transcript
produced by computer.

LISA KNIGHT COSIMINI, RMR-CRR
Official Court Reporter - U.S. District Court
(217) 384-2290

1          THE COURT:  This is the United States of

2     America versus Jabari A. Veals, Case Number 07-20025.

3               Present in open court is the defendant, Jabari

4     A. Veals, accompanied by his attorneys, J. Steven Beckett

5     and Carol Dison.

6               In this case also, the United States is

7     represented by Colin S. Bruce; and Vincent P. Kistner,

8     the probation officer for the Central District of

9     Illinois, is also present.

10               Mr. Kistner has -- well, following Mr. Veals'

11     conviction by way of a jury verdict for the offense of

12     possession of 50 or more grams of cocaine base, crack,

13     with the intent to distribute it, the Court -- the jury

14     verdict was on October 3, 2007.  The Court then directed

15     Probation to prepare a presentence investigation report

16     and set sentencing for today's date.

17               The presentence investigation report was

18     prepared on November 29th, revised on December 19th;

19     second revision was April 22nd.

20               Mr. Kistner, pursuant to the requirements of

21     the advisory sentencing guidelines of the Sentencing

22     Commission, did you send a copy to Mr. Bruce, Mr. Veals,

23     and Mr. Veals' counsel?

24               PROBATION OFFICER KISTNER:  I did, Your Honor.

25               THE COURT:  On April 15, Mr. Kistner reports

1  that Mr. Bruce had not identified any objections; and

2  based on his consultation, Mr. Kistner thought the

3  government would support all the information in the

4  presentence report.

5          Mr. Kistner, did you -- I mean Mr. Bruce, did

6  you receive a report from Mr. Kistner?

7          MR. BRUCE:  I did.

8          THE COURT:  Did you review it?

9          MR. BRUCE:  Yes.

10         THE COURT:  And do you agree that you will

11  accept the presentence report without objection?

12         MR. BRUCE:  The only problem I had was

13  corrected; so I have no objection.

14         THE COURT:  And, Mr. Kistner -- well, I mean,

15  Ms. Dison, Mr. Kistner reports that you sent him a letter

16  on February 22nd identifying several unresolved

17  objections to the presentence report.  Did you, in fact,

18  receive the presentence investigation report?

19         MS. DISON:  Yes, Your Honor.

20         THE COURT:  Did you or Mr. Beckett review it

21  with Mr. Veals?

22         MS. DISON:  Yes, Your Honor.

23         THE COURT:  Both or which one?

24         MS. DISON:  I did.  I'm sorry, Judge.

25         THE COURT:  Okay.  And, Mr. Beckett, did you

USA v. JABARI A. VEALS, 07-20025

```
1   also have a chance to review the presentence report?

2           MR. BECKETT:  Judge, I have not.

3           THE COURT:  Okay.

4           MR. BECKETT:  I have not.

5           THE COURT:  Okay.

6           MR. BECKETT:  Ms. Dison did that.

7           THE COURT:  Mr. Veals, did you receive a copy

8   of the presentence report and its revisions?

9           DEFENDANT VEALS:  Yes, I have.

10          THE COURT:  And did you have a chance to review

11  it with Ms. Dison?

12          DEFENDANT VEALS:  Yes, I have.

13          THE COURT:  Now, Ms. Dison has included several

14  unresolved objections.  The first one is she objects to

15  the inclusion of 223 grams of cocaine as part of the base

16  offense level and states that Mr. Veals did not inform

17  law enforcement officials that he had been selling at

18  least eight balls, or about 10.6 grams, over a 21-day

19  period.

20          Ms. Dison, is that 223 grams of relevant

21  conduct solely based on what law enforcement officials

22  said Mr. Veals had said?

23          MS. DISON:  Yes, Your Honor.

24          THE COURT:  Mr. Kistner, is that correct?  You

25  didn't take that from any cooperating witnesses that said
```

USA v. JABARI A. VEALS, 07-20025

1  they had purchased from Mr. Veals; this came solely from

2  law enforcement?

3          PROBATION OFFICER KISTNER:  That's correct,

4  Your Honor.

5          THE COURT:  Okay.  And, Mr. Veals, do you join

6  in that objection that Ms. Dison's made on your behalf?

7          DEFENDANT VEALS:  Yes, I have.

8          THE COURT:  Okay.  Then the next unresolved

9  objection is a two-level enhancement for obstruction of

10 justice relative to an alleged escape attempt from the

11 Ford County Jail in Paxton, Illinois, which, according to

12 the presentence report, was not successful.  So this is

13 an attempted escape alleged by law enforcement at the

14 Ford County Jail.

15         Mr. Veals, are you aware of that objection that

16 Ms. Dison's made on your behalf?

17         DEFENDANT VEALS:  Yes, I have.

18         THE COURT:  Do you join in that objection?

19         DEFENDANT VEALS:  Yes, I have.

20         THE COURT:  Ms. Dison, do you have any other

21 objections to the presentence report?

22         MS. DISON:  No, Your Honor.

23         THE COURT:  Mr. Veals, do you have any other

24 objections to the presentence report that would affect

25 the advisory guideline sentencing range or offense level

USA v. JABARI A. VEALS, 07-20025                    6

1  or criminal history category or statutory sentencing

2  provisions?

3              DEFENDANT VEALS:  Not at this moment, no, sir.

4              THE COURT:  Well, I need to know now, not

5  later.

6              DEFENDANT VEALS:  No.

7              THE COURT:  Okay.  Did anybody force you to say

8  that?

9              DEFENDANT VEALS:  No.

10             THE COURT:  Promise you anything to indicate

11 that you only had two objections to the presentence

12 report?

13             DEFENDANT VEALS:  No.

14             THE COURT:  Okay.  And, Ms. Dison, those are

15 the only two objections you have?

16             MS. DISON:  Yes, sir.

17             THE COURT:  Okay.  The Court does not believe

18 it needs to decide either of those objections.  To do so,

19 first, I would have to have the law enforcement officers

20 come here.  I know it's not required; but since there's

21 no cooperating witness, I would want a law enforcement

22 officer to be present and under oath tell me how they

23 obtained this information with Mr. Veals.  That would be

24 regarding the first unresolved objection.

25             The second unresolved objection might even take

 1  a mini trial of the alleged escape attempt from the Ford

 2  County Jail, both of which would take a considerable

 3  amount of the Court's time to determine those unresolved

 4  objections, which would, under the bottom line, would be

 5  meaningless because based on the prior notices that have

 6  been filed in this case and based on the presentence

 7  investigation report as to Mr. Veals' criminal history,

 8  which is not objected to by anyone, Mr. Veals, based on

 9  his conviction and the jury verdict, now faces mandatory

10  life imprisonment in effect as a three-strike case.

11          There's nothing about the Court's decision that

12  would in any way affect the mandatory minimum life

13  sentence.  So the Court is, needs not determine whether

14  he was or was not selling eight balls, whether he should

15  have 223 grams of cocaine included as relevant conduct,

16  or whether he obstructed justice and is entitled to a

17  two-level enhancement for whatever occurred at the Ford

18  County Jail in Paxton earlier this year after his

19  conviction.

20          So the Court believes that pursuant to -- I've

21  got to find the section; I don't see it jumping out.

22  Federal Rule of Criminal Procedure 32(i)(3)(B) reads as

23  follows:  "For any disputed portion of the presentence

24  report or other controverted matter, a ruling is

25  unnecessary either because the matter will not affect

1    sentencing," which is correct, "or because the Court will

2    not consider the matter in sentencing," which is also

3    correct.

4            At this point, the Court could care less about

5    what happened in the Ford County Jail, if it could be

6    proved, which was after the conviction; and the Court is

7    not concerning itself with what other relevant conduct

8    may have occurred.

9            The fact that Jabari Veals was convicted of

10   possession of 50 or more grams of cocaine base, crack,

11   with the intent to distribute by a jury, the Court

12   considers that as well as his prior criminal convictions,

13   which then determine that he faces a mandatory life

14   sentence.

15           So as to both of the unresolved objections, the

16   Court will rule based on Federal Rule of Criminal

17   Procedure 32(i)(3)(B), no ruling is necessary.

18                       (Brief pause in proceedings.)

19           THE COURT:  The Court has now added this

20   language to 1D, which is the objection to pages 6 and 8,

21   paragraph 16, 17, and 26, "Federal Rule of Criminal

22   Procedure 32(i)(3)(B).  No ruling is necessary because it

23   will not make a difference in sentencing, and the Court

24   will not consider it in sentencing the defendant who

25   faces mandatory minimum life because of his prior

USA v. JABARI A. VEALS, 07-20025

```
1    convictions."
2             As to the second unresolved objection,
3    reference page 7, paragraphs 19 to 22, the Court strikes
4    2D, "Same ruling; see prior finding as to 1D."
5             There are no other objections to the
6    presentence investigation report from the government, Mr.
7    Veals, or counsel for Mr. Veals.  The Court's had a
8    chance to review the entire presentence report, pages 1
9    through 27, paragraphs 1 through 114, and finds they are
10   properly prepared pursuant to the advisory sentencing
11   guidelines; and the Court adopts the entire presentence
12   report by a preponderance of the evidence.
13            Ms. Dison, are we prepared today to proceed
14   with the balance of Mr. Veals' sentence?
15            MS. DISON:  If I could have a moment, Your
16   Honor, please.
17            THE COURT:  Yes.
18                (Brief pause in proceedings.)
19            MS. DISON:  Yes, sir.  We are prepared to
20   proceed.
21            THE COURT:  Okay.  Since the Court has made the
22   finding that it will not consider nor rule on the
23   objections that would have affected the offense level,
24   it's not necessary for the Court to come to a calculation
25   of the offense level since the defendant is going to be
```

USA v. JABARI A. VEALS, 07-20025

1  sentenced under the provisions of mandatory minimum life.

2        He does have a criminal history of VI, which,

3  of course, is irrelevant also.  Because of his prior

4  convictions, he faces mandatory minimum life.

5        Do you agree, Mr. Kistner?

6        PROBATION OFFICER KISTNER:  I do, Your Honor.

7        THE COURT:  Mr. Bruce?

8        MR. BRUCE:  Yes, sir.

9        THE COURT:  Ms. Dison?

10        MR. BECKETT:  Yes, sir.

11        THE COURT:  The statute mandates mandatory

12  life.  Probation is not authorized.  Supervised release

13  is not applicable.  Restitution, community restitution

14  would apply, a fine of up to $8 million if he had the

15  ability to pay, special assessment mandatory in the

16  amount of $100.

17        Mr. Kistner, are those the accurate statutory

18  provisions facing Mr. Veals today?

19        PROBATION OFFICER KISTNER:  They are, Your

20  Honor.

21        THE COURT:  Do you agree, Mr. Bruce?

22        MR. BRUCE:  I agree.

23        THE COURT:  Do you agree, Ms. Dison?

24        MS. DISON:  Yes, sir.

25        THE COURT:  Under the advisory sentencing

USA v. JABARI A. VEALS, 07-20025

1  guidelines, the defendant would certainly face a sentence

2  greatly less than life; however, that is irrelevant

3  because the advisory guidelines also must follow the

4  statute of mandatory life, based on his prior convictions

5  and the jury conviction in this case.

6           Probation is not authorized under the advisory

7  guidelines.  Supervised release does not apply.

8  Community restitution applies.  A fine range of 20,000 to

9  $8 million if he had the ability to pay, $100 special

10 assessment.

11          Mr. Kistner, are those -- does that accurately

12 state the advisory guideline provisions facing Mr. Veals

13 today?

14          PROBATION OFFICER KISTNER:  That does, Your

15 Honor.

16          THE COURT:  Do you agree, Mr. Bruce?

17          MR. BRUCE:  I do.

18          THE COURT:  Do you agree, Ms. Dison?

19          MS. DISON:  Yes, Judge.

20          THE COURT:  Mr. Veals, so you know how we'll

21 proceed, first the government -- do you have any

22 witnesses in aggravation?

23          MR. BRUCE:  No, sir.

24          THE COURT:  And I see that there's no one here

25 today.  So, Ms. Dison, am I correct you won't be calling

USA v. JABARI A. VEALS, 07-20025

1   any witnesses in mitigation?

2           MS. DISON:  No, sir.

3           THE COURT:  I do have a letter from Jabari

4   Veals that was received by my office on November 9th,

5   that it was filed on November 13th, and, of course, that

6   letter could be considered in mitigation.  It also could

7   be considered a post-trial motion; but since he has

8   counsel, it was merely filed and not categorized by the

9   Court in this case, other than docket 34.

10          MR. BECKETT:  Judge, could I --

11          THE COURT:  Yes.

12          MR. BECKETT:  Could I make sure that the record

13  reflects that we do not wish to have you consider that

14  letter?

15          THE COURT:  I'm not.

16          MR. BECKETT:  Okay.

17          THE COURT:  I'm certainly not considering it at

18  sentencing.  I just wanted you to know that it was filed

19  by the defendant, categorized by the Clerk's Office as a

20  pro se motion, and the government filed a response as a

21  motion for a new trial; and the Court's not going to take

22  up that matter because it denied the matter as untimely

23  on November 21st.  So I certainly don't consider it in

24  mitigation, aggravation; and, ultimately, it was

25  dismissed as untimely.  That's the only filing that we

USA v. JABARI A. VEALS, 07-20025

```
 1   have from anyone other than the attorneys in this case.
 2              MR. BRUCE:  Judge, just so the record's clear,
 3   I think perhaps the thrust of Mr. Beckett's comment was
 4   he wants to make sure you're not making a ruling on the
 5   merits of what's raised in that.
 6              THE COURT:  No.  I found it to be untimely.
 7              MS. DISON:  Right.
 8              THE COURT:  So there was no ruling on the
 9   merits.  Just basically it's there from Mr. Veals and
10   docketed since it came to the Clerk of the Court.
11              The motion to -- a motion to continue
12   sentencing was previously granted, and that's what brings
13   us here today for completion of the sentencing.
14              So we have no witnesses in aggravation, no
15   witnesses in mitigation, no letters from any individuals
16   in aggravation or mitigation.  So we'll proceed, Mr.
17   Veals, first with the government's recommendation, then
18   Ms. Dison's recommendation, and then you'll be given an
19   opportunity to address the Court before the Court
20   proceeds under the statutory factors of 18 United States
21   Code Section 3553(a) to sentence you.
22              You may proceed, Mr. Bruce.
23              MR. BRUCE:  Please the Court, Mr. Beckett, Ms.
24   Dison.
25              Your Honor, I'll be brief since I think we're
```

USA v. JABARI A. VEALS, 07-20025

1  all aware that there's a statutory mandatory minimum that

2  applies in this case.

3          By way of sentence of the defendant, Jabari

4  Veals, the government recommends the Court follow the law

5  and apply the -- apply the applicable statutory mandatory

6  minimum penalty of life imprisonment with no possibility

7  of release.

8          I would note for the record that Mr. Veals has

9  15 criminal history points; and even if he were not

10 facing a mandatory, statutory mandatory minimum term of

11 life imprisonment, he also qualifies as a career offender

12 under the sentencing guidelines with an advisory

13 sentencing guideline range of 360 months to life.

14         But in this case, based upon his prior

15 convictions, the appropriate sentence is life.  There

16 would be no term of supervised release.  He does not have

17 the ability to pay a fine.  You should, however, mandate

18 the $100 special assessment.

19         Thank you.

20         THE COURT:  Ms. Dison, you may be heard -- or

21 Mr. Beckett, whoever wishes to address the Court.

22         MS. DISON:  Based upon the presentence report

23 and the Court's acceptance of that report and the law in

24 this case, we understand that the Court has no option but

25 to sentence Mr. Veals to a sentence of life imprisonment.

USA v. JABARI A. VEALS, 07-20025

```
1   And we would agree with the government's recommendation
2   with respect to the special assessment and supervised
3   release.
4           THE COURT:  Mr. Veals, you may address the
5   Court if you wish.  You're not required to.  But if you
6   do wish to address the Court, take the podium; and Ms.
7   Dison will join you.
8           DEFENDANT VEALS:  I'm fine.  I don't want to.
9           THE COURT:  Okay.  Well, this is a day that I
10  did not look forward to.  I never look forward to
11  sentencing anybody to mandatory life.
12          When I was -- it's a very interesting day to
13  have you here this afternoon when in the back of my
14  courtroom earlier today, smiling when I recognized him --
15  Lisa recognized him -- but a person who in 1991 or '2 I
16  sentenced to the maximum 30 years; and at that time, he
17  was the largest drug dealer in Peoria, operating a very
18  big drug distribution operation.  He was once the
19  beneficiary of a motion to suppress that I granted,
20  except he lost his $50,000 that was laying in a ball by
21  his bed that night since it was confiscated as
22  contraband.
23          Then I later ruled that the search which
24  ultimately led to his conviction was good.  That was a
25  $30,000 night.
```

```
1              And his brother once yelled in the courtroom,
2    "Terry, get me out of here.  I know you got the money."
3    He was on a $500,000 bond, which would have been $50,000
4    in cash.  And Mr. Burnside lived the life of a drug
5    dealer running the City of Peoria.
6              And as he and his brothers went off to prison,
7    the Gangster Disciples came into Peoria and shot the rest
8    of the people on the street corner one after the other
9    until it numbered to about 20 in 1991, '2, and '3.
10             Terry was in the back of the courtroom today
11   smiling.  Maybe he's smiling because he's been in Federal
12   Court enough to see what his friends have received for a
13   prison sentence; and Terry would have easily, if he'd
14   been prosecuted back in those days under, in Federal
15   Court, would have been serving a life sentence.  But he's
16   not.
17             In fact, the recent newspaper article in
18   Peoria, they even asked him about today.  He said he was
19   helping youth in Peoria stay away from drugs.  So he got
20   his life back.  Even though in Federal Court, with the
21   life he led, he would have been off for life.
22             You, from your presentence report, are not
23   Terry Burnside.  You were not running the drug
24   dealership, having in any given day tens of thousands of
25   dollars come in your hand -- or any month, but Congress
```

USA v. JABARI A. VEALS, 07-20025

1   has said all along:  Three strikes and you're out.

2         And from the first time I had you in my

3   courtroom, I said, "Three strikes and out means three

4   strikes."

5         So it's an unfortunate and sad day for at the

6   beginning of day for me to see Terry Burnside in the

7   courtroom who I hope is totally rehabilitated -- I hope

8   the Journal Star has it right -- and then you in the

9   afternoon facing three strikes.

10         Terry never cooperated and assisted.  He didn't

11   have to.  He was in State Court.  He knew the sentence he

12   would receive wouldn't be life, and it would be half of

13   it.  My sentence at the time was the maximum sentence for

14   what he was charged with, and he got out 14 and a half

15   years later.  Maybe it's because of the state sentences

16   for the Terry Burnsides of the world and for the state

17   sentences that Congress looked at that they said,

18   "Enough's enough.  We're not sending a message."

19         Well in your case, I believe it is a very, very

20   stiff message.  But it is one that I've told you from the

21   beginning would be handed down if you were convicted, and

22   that there were only three options in Federal Court:

23   cooperate and assist, not guilty, or life.  And you've

24   made your choice.

25         You have one year from today's date to review

USA v. JABARI A. VEALS, 07-20025

1    that choice by way of a Rule 35.  I hope you're not like

2    Edward Douglas, one of my favorite people to talk about

3    who, when he walked out the door, said, "Judge McCuskey,

4    I'm gonna get you reversed."

5              I said, "I hope you do," because it was a

6    mandatory life conviction by jury, just like you had.

7              It didn't happen that way.  The Seventh Circuit

8    Court of Appeals found overwhelming evidence of guilt,

9    affirmed the conviction, and then Mr. Douglas wrote me a

10   couple years ago when it finally stuck:  Life means

11   stuck.  His 2255 writ of habeas corpus failed; and he

12   wrote me and said, "Maybe I should have cooperated and

13   assisted."

14             Those will be your future choices as to how

15   your case will proceed.  Congress gives me no choice.

16   The Terry Burnside days of state sentencing are over.

17   The federal laws are mandatory minimums.  At that time, I

18   gave him a maximum sentence, never thinking I'd see Terry

19   again and I'd be sentencing people to life for less than

20   what Terry did all in the same day.  It's very ironic

21   today.

22             But when we look at what Congress says, they

23   say it's life.  It's a sentence to reflect the

24   seriousness of the offense.  Well, they want people to

25   either stop doing drugs, which is apparently what Terry's

USA v. JABARI A. VEALS, 07-20025

1   doing, or go away forever so they can never sell drugs

2   again.

3           Will it promote respect for the law?  I don't

4   know if people are going to say, "I can't do drugs again

5   because I've got two prior convictions.  I don't want to

6   be Jabari Veals.  I don't want to be Edward Douglas."  I

7   don't know if anybody knows or cares.

8           But Congress says it's just punishment and will

9   promote respect for the law and will deter criminal

10  conduct and protect the public from further crimes; and

11  it's consistent, fair, and determinate because they don't

12  give me a choice.  Three strikes in every case is life.

13  You're all similarly situated as far as Congress is

14  concerned.

15          Is it sufficient but greater than necessary?  I

16  might argue that, but I have no choice to argue.

17          Is it appropriate and reasonable?  I might

18  argue that.  Congress doesn't give me any choice.  They

19  say, as I told you from the beginning, if you were

20  convicted, it must be mandatory life.  So that is the

21  unfortunate task.  I do not take pleasure in this at all,

22  Mr. Veals.  But I'm required to follow the law.

23          Pursuant to the Sentencing Reform Act of 1984,

24  it's the judgment of this Court that the defendant,

25  Jabari A. Veals, is hereby committed to the custody of

1  the Federal Bureau of Prisons for a term of life

2  imprisonment.

3         Due to extensive family ties, the Court

4  recommends to the Bureau of Prisons that the defendant be

5  housed in the Midwest for visitation.

6         The Court finds the defendant is an addict and

7  recommends to the Bureau of Prisons that he receive

8  intensive and comprehensive drug and alcohol

9  rehabilitation while in the Bureau of Prisons.

10        The Court finds that the defendant does not

11 have the ability to pay a fine, either immediately or

12 through installment payments, due to parental

13 obligations.

14        In addition, pursuant to 42 United States Code,

15 Section 14135A, the defendant shall cooperate in the

16 collection of DNA as directed by the Probation Office or

17 the Bureau of Prisons.

18        And Mr. Veals will pay a special assessment to

19 the United States in the amount of $100 which will be due

20 and payable immediately.

21        There are three methods from which you can

22 appeal the findings and judgment and sentence of this

23 Court, or any of the procedures arising from your jury

24 trial.

25        One, you can write a letter requesting the

USA v. JABARI A. VEALS, 07-20025

```
 1   Clerk of the Court here in Urbana at the Federal

 2   Courthouse to file a notice of appeal for you.  Two, you

 3   could prepare your own notice of appeal to file with the

 4   Clerk.  Or, three, you could direct either Ms. Dison or

 5   Mr. Beckett to file a notice of appeal on your behalf.

 6   One of those three methods must be taken in the next ten

 7   days, or your right to appeal will be waived.

 8           Do you have any questions about your right to

 9   appeal, Mr. Veals?

10           DEFENDANT VEALS:  No, sir.

11           THE COURT:  Anything further, Mr. Kistner?

12           PROBATION OFFICER KISTNER:  No, Your Honor.

13           THE COURT:  Mr. Bruce?

14           MR. BRUCE:  No, sir.

15           THE COURT:  Ms. Dison or Mr. Beckett?

16           MS. DISON:  Your Honor, we will be filing a

17   notice of appeal on behalf of Mr. Veals.  I would ask

18   that you, if you could designate me as the lead counsel

19   for appeal so that all documentation comes to me.

20           THE COURT:  Why don't I do this.  You want me

21   to direct it be filed today by the Clerk?

22           MR. BECKETT:  That's fine.

23           MS. DISON:  That's fine, Judge.

24           THE COURT:  The Court directs the Clerk to file

25   a notice of appeal.  The Court will designate Ms. Dison
```

USA v. JABARI A. VEALS, 07-20025

1   to be in the best position to represent Mr. Veals on

2   appeal.  Do you have any objection to that, Mr. Veals?

3          DEFENDANT VEALS:  No, sir.

4          THE COURT:  The Court's previously found Mr.

5   Veals to be indigent.  There's nothing in the presentence

6   report to change that.  Therefore, the transcript of

7   these proceedings will be prepared at no cost to Mr.

8   Veals, and the transcript will be given to Ms. Dison in

9   due course, but the notice of appeal will be docketed by

10  the Clerk today.

11         MS. DISON:  Thank you, Judge.

12         THE COURT:  Anything further, Ms. Dison?

13         MS. DISON:  No, sir.

14         THE COURT:  Anything further, Mr. Beckett?

15         MR. BECKETT:  No, Your Honor.

16         THE COURT:  That's all for the record.

17         Good luck, Mr. Veals.

18             (Hearing concluded, 3:16 p.m.)

19             *  *  *  *  *  *  *  *  *  *

20                 REPORTER'S CERTIFICATE

21      I, LISA KNIGHT COSIMINI, RMR-CRR, hereby certify
    that the foregoing is a correct transcript from the
22  record of proceedings in the above-entitled matter.

23         Dated this 30th of May, 2008.

24             s/Lisa Knight Cosimini
             _____
             Lisa Knight Cosimini, RMR-CRR
25             Illinois License # 084-002998