UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                              ) | |
|           Plaintiff,         ) | |
|      v.                      ) | Case No. 07-CR-20025 |
|                              ) | |
| JABARI A. VEALS,             ) | |
|                              ) | |
|           Defendant.         ) | |

## OPINION

This case is before the court for ruling on Defendant's pro se Motion for Release of Discovery, Documents and Case Files (#68) and pro se Motion to Review and Reweight Cocaine Base (Crack) (#69). Both Motions are DENIED.

### BACKGROUND

On February 8, 2007, Defendant, Jabari A. Veals, was charged by indictment (#7) with the offense of possession of 50 or more grams of cocaine base ("crack") with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). On March 26, 2007, the Government filed a Notice of Prior Conviction (#11). The Government listed nine prior convictions of Defendant and stated that the convictions qualified Defendant for enhanced sentencing pursuant to 21 U.S.C. § 841(b)(1).

A jury trial commenced on October 1, 2007, and concluded on October 3, 2007. The jury found Defendant guilty of the charge against him. A sentencing hearing was held on May 15, 2008. Defendant was sentenced to the Federal Bureau of Prisons for a term of life imprisonment. Defendant filed a Notice of Appeal (#48). On January 15, 2010, the Seventh Circuit Court of Appeals entered an unpublished Order which affirmed Defendant's conviction and sentence. On February 24, 2010, this court received the Mandate (#63) from the Seventh Circuit.

### ANALYSIS

On April 26, 2010, Defendant filed a pro se Motion for Release of Discovery, Documents and Case Files (#68). In his Motion, Defendant indicated that he intends to file a Motion under 28 U.S.C. § 2255 and stated that it is imperative that he "gain access to the files, reports, records, discovery material and test results" currently being retained by his former counsel, John Taylor.

This court initially notes that the case law cited by Defendant does not support his request. The case law he cited provides that a prisoner who has filed a Motion under § 2255 is entitled to access to pre-existing court records, including trial transcripts. See Rush v. United States, 559 F.2d 455, 459 (7th Cir. 1977). That is not what Defendant is seeking in this case. This court notes that, in his pro se Motion to Review and Reweight Cocaine Base (Crack) (#69), Defendant refers to a page and lines from his trial transcript. This court therefore concludes that Defendant has already been provided with the transcripts which have been prepared in this case.

In his pro se Motion, Defendant stated that he cannot meet his burden under § 2255 without access to the records in the possession of his former attorney, including discovery. It is the policy of this court, however, that discovery materials should not be available to prisoners for unfettered and uncontrolled use in the prison system. See United States v. Curtner, 2008 WL 905923, at *1 (C.D. Ill. 2008). This court further concludes that Defendant has not offered sufficient reasons to justify the disclosure of the requested documents. Defendant is not entitled to conduct a fishing expedition. Curtner, 2008 WL 905923, at *1. "Bald allegations that he needs the documents now will not do." Curtner, 2008 WL 905923, at *1, quoting United States v. Tolliver, 2007 WL 611236, at *2 (S.D. Ill. 2007). Because Defendant has not shown that he is entitled to the information sought, his pro se Motion for Release of Discovery, Documents and Case Files (#68) must be denied. See United States v. Villalobos, 316 Fed. Appx. 516 (7th Cir. 2009) (affirming this court's order denying the defendant's motion for reconsideration of the denial of his request for his attorney's case file).

This court notes that, once Defendant has filed his § 2255 Motion, he may petition the court

for discovery under Rule 6 of the Rules Governing Section 2255 Proceedings.  See Curtner, 2008 WL 905923, at *1; Tolliver, 2007 WL 611236, at *1.  Such discovery may be allowed in the discretion of the district court where a petitioner in a § 2255 proceeding has demonstrated good cause for such discovery.  See Curtner, 2008 WL 906923, at *1; United States v. Davuluri, 2002 WL 1033097, at *1 (N.D. Ill. 2002).

On April 26, 2010, Defendant also filed a pro se Motion to Review and Reweight Cocaine Base (Crack) (#69).  Defendant argues that he should be resentenced because the crack cocaine was weighed with the packaging, which affected his sentence.  Once a sentence is imposed, this court has no authority to modify the term of imprisonment except in very limited circumstances.  United States v. Anderson, 583 F.3d 504, 508 (7th Cir. 2009).  The limited circumstances which would allow this court to modify a sentence it imposed are not present here.  Accordingly, Defendant's Motion to Review and Reweight Cocaine Base (Crack) (#69) must be denied.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's pro se Motion for Release of Discovery, Documents and Case Files (#68) is DENIED.

(2) Defendant's Motion to Review and Reweight Cocaine Base (Crack) (#69) is DENIED.

ENTERED this 30th day of April, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE