E-FILED
Tuesday, 29 May, 2018 02:25:10 PM
Clerk, U.S. District Court, ILCD

FILED

MAY 2 9 2018

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

JABARI A. VEALS,
     Petitioner,

V.                  NO.:07-20025

UNITED STATES OF AMERICA,
     Respondent.

## MOTION FOR A REDUCTION OF SENTENCE
## PURSUAANT TO U.S.C. § 3582(C)(2)

Comes now the petitioner, Jabari A. Veals, Pro Se and respectfully moves this Honorable Court for a reduction of sentence based upon recent changes to the Sentencing Guidelines regarding penalty ranges for **crack cocaine**.

### CONTENTIONS

The petitioner in this case seeks a reduction of his sentence, invoking the revised and retroactive amendments to the United States Sentencing Guidelines applicable to crack cocaine, because he received a prior conviction-driven mandatory life sentence. The petitioner's sentence is "based on" § 2D1.1 of the drug quantity table a sentencing

### BACKGROUND

The petitioner was convicted by a jury -then 32 years old- on one count of possession of 50 or more grams of cocaine base (crack) with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1). invoking Sentencing Guideline § 2D1.1, the Court calculated his "applicable guidelines to be [a] total offender level of 34... but raised to 37 because of his **career offender** status."(Tr.9:5-12.) applying offense level 37, and a criminal history category of VI, the Guidelines prescribed a sentencing range of 360 months to life. The lower sentencing range was unavailable, because the petitioner had previously been convicted of multiple felony drug offenses. As a result, the statutes of conviction dictated a mandatory sentence of life imprisonment without the possibility of parole. See 21 U.S.C. §841(b)(1)(A)(iii)(1988). The

government sought a statutory mandatory minimum penalty of life imprisonment with no possibility of release, framing the matter around the petitioner's 15 criminal history points, and stated that, even if he were not facing a mandatory, statutory mandatory minimum term of life imprisonment, he also qualifies as a career offender under the sentencing guidelines with an advisory sentencing guideline range of 360 months to life. But in this case, based upon his prior convictions, the appropriate sentence is life."(**Tr. 14:3-15**). The petitioner was sentenced to life on count one of the indicted. On direct appeal, the Seven Circuit Court Of Appeals upheld petitioner's conviction and life sentence.

The petitioner now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), because this case represents a singular and unique exception.

## ARGUMENT AND SUPPORTING CASE LAW

The petitioner argues that the underlying guideline calculation influenced the Court's conclusion that defendant qualified as a career offender in imposing a statutory life sentence. See,e.g. United States V. Poindexter, 550 F.Supp. 2d 578,580(E.D. Pa,2008)(reducing **career** offender's sentence purusant to the crack cocaine amendment finding § 2D1.1 "played a role" in defendant's sentence). In particular, at the sentencing, the court first calculated the guideline range. See(**Tr.5: 23-25 and (Tr.6:1-2)**(calculating an offense level 34)(but that range was then elevated to level"37"because of the career offender status."(**Tr. 5:23-25 to page 6:1-2)**.**"The Court did not simply calculate petitioner's guidelines for comparison – the offense conduct level was a dominant factor in the actual decision to find the career offender category and statutory life sentence applicable"**.Compare with United States V. Collier, 581 F.3d 755,759(8th Cir.2009)(district court lacked authority to reduce sentence where it cintemplated § 2D1.1 drug quantity range,but ultimately based guidelines range on § 4B1.1). The petitioner argues that at sentencing, the court emphasized his previous felony convictions involved possession of controlled substances. (**Tr.8:9-25)(Tr.9:1)(Tr.9:21-25)(Tr. 10:1-4)**. The government in this case sought a life sentence because the petitioner" has 15 criminal history points; and based upon his prior conviction, the appropriate sentence should be life."For this reason, the court sentenced petitioner to" prison for the rest of his life."(**Tr. 19:23-25)(Tr.20:1-2)**,but the original sentence did not consider the

crack/powder disparity - a disparity that congress and the sentencing commission have repeatedly attempted to resolve.

   **Wherefore,** the petitioner prays that this Honorable Court "Grant" his motion, and find it appropriate to modify his sentencing range based on § 3582(c), under the amended guidelines, and absent the <u>statutory minimum</u> and <u>career offender enhancement</u>.

   The petitioner so pray!

Dated this 23 day of May, 2018.                              s/

                                          Jabari A. Veals #14722-026


                    SEE ATTACHED WITH THIS MOTION
                    (1) OFFENSE LEVEL COMPUTATION

                    (2) BASE OFFENSE LEVEL 32

                    (3) ADJUSTED OFFENSE LEVEL(SUBTOTAL) 34

                    (4) CHAPTER FOUR ENHANCEMENTS: TOTAL OFFENSE LEVEL 37
                    (AND) CRIMINAL HISTORY COMPUTATION, ALL IN SUPPORT OF
                       § 3582(C).

**Offense Level Computation**

24. The November 1, 2007, edition of the United States Sentencing
Commission Guidelines Manual has been used to compute the defendant's sentencing guidelines.

25. Pursuant to U.S. v. Booker, 125 S.Ct. 738 (2005), the United States Sentencing Guidelines are advisory and are not binding on the Court.

26. **Base Offense Level:** The guideline for violation of 21 U.S.C. § 841(a)(1) is U.S.S.G. § 2D1.1. The defendant is accountable for 56 grams of cocaine base seized from his apartment and an additional 223 grams of cocaine base that he had sold during the preceding three week period. Therefore, Veals is accountable for a total of 279 grams of cocaine base, which establishes a base offense level of 32. U.S.S.G. § 2D1.1(c)(4). **32**

27. **Specific Offense Characteristic:** None. **0**

28. **Victim Related Adjustment:** None. **0**

29. **Adjustment for Role in the Offense:** Defendant Veals reportedly had an unidentified female package cocaine base for him. Ms. Coefield also admitted going to the store for the defendant. However, without more definitive information, I am unable to ascertain the degree of authority and direction defendant Veals may have exerted over these ladies. I do not believe an aggravating role adjustment is warranted. U.S.S.G. § 3B1.1 **0**

30. **Adjustment for Obstruction of Justice:** Although the defendant fled from arresting officers, I do not believe he recklessly endangered the officer who received minor injuries. However, the defendant was involved in an attempt to escape from the Ford County Jail, Paxton. Officers seized contraband from his belongings including a razor and a paperclip formed into a point and reinforced with tape, among other items. This constitutes obstruction of justice and a two-level upward

adjustment is applied. U.S.S.G. § 3C1.1, comment.
(n.4)(e) and U.S.S.G. § 3C1.2. **+2**

31. **Adjusted Offense Level (Subtotal): 34**

32. **Adjustment for Acceptance of Responsibility:** The downward
adjustment is not applied as the defendant went to trial
and put the government to its burden of proof. U.S.S.G.
§ 3E1.1(a) and comment.(n.2). **0**

33. **Total Offense Level: 34**

34. **Chapter Four Enhancements:** Defendant Veals has two prior
felony convictions for controlled substance offense(s) as
that concept is defined at U.S.S.G. § 4B1.2(b). These
offenses include Case #96-CR-0970001 (Unlawful Possession
of a Controlled Substance with Intent to Deliver) and
Case #01-CR-0580501 (Delivery of Controlled Substance) in
Cook County, Illinois. Since the instant federal offense
is also classified as a controlled substance offense,
defendant Veals is a Career Offender under the sentencing
guidelines. With a statutory minimum term of life
imprisonment, the offense level is set at 37. There is
no reduction for acceptance of responsibility, yielding
a total offense level of **37**. U.S.S.G. § 4B1.1 (a) and
(b). **37**

35. **Total Offense Level: 37**

**Criminal History Computation**

50. The subtotal of the criminal history points is 13. Two additional criminal history points are added pursuant to U.S.S.G. § 4A1.1(e) as the defendant committed the instant offense less than two years following his release from imprisonment in Case #04-127592601, Cook County, a case/ sentence countable under U.S.S.G. § 4A1.1(b).

51. The total of the criminal history points is **15.** According to the Sentencing Table (Ch. 5, Pt. A), 15 criminal history points establish a criminal history category of **VI.** The defendant's criminal history category is also mandated by his Career Offender Status. [See U.S.S.G. § 4A1.1(b)].